UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HEATHER LEE MEHUDAR,<br><br>    Plaintiff,<br> v.<br><br>DAVID NYDAM II, a man; DOREEN PINE, a woman; TIFFANY PUGH, a woman; RACHAEL HARRIS, a woman,<br><br>    Defendants. | Case No. 2:16-cv-02196-MMD-GWF<br><br>ORDER |

**I SUMMARY**

Before the Court is Defendants' Motion to Dismiss ("Motion") (ECF No. 11). Plaintiff did not file a proper response to the Motion; instead, she filed a 237-page memorandum of points and authorities (ECF Nos. 14, 14-1).[1] Defendants have replied (ECF No. 22.) For the reasons stated below, the Motion is granted and Plaintiff's complaint is dismissed without prejudice.

In addition, Plaintiff has filed seventeen notices that do not comply with the Local Rules. (ECF Nos. 4, 6, 15, 16, 17, 19, 20, 25, 26, 28, 29, 30, 39, 41, 42, 45, 46.) The Court therefore directs the Clerk to strike these notices and any attached exhibits from the record.

**II. BACKGROUND**

Plaintiff Heather Lee Mehudar alleges that she was wrongfully terminated from her employment at Rock Springs Massage Envy in Las Vegas, Nevada, which is allegedly

---

[1] Plaintiff attempted to file a proper response after the deadline for doing so had passed. (ECF No. 32). Defendants filed a motion to strike the document (ECF No. 36), which the Court granted (ECF No. 43).

owned by Defendants David Nydam II and Doreen Pine. (ECF No. 1 at 1.) The Complaint does not identify who the other two named Defendants are.

Plaintiff claims she was the victim of discrimination and harassment, that she was terminated for her disabilities, denied equal compensation, harassed on the basis of her religion and sex, and retaliated against for reporting workplace harassment and hostilities. (*Id.*) She also claims she is the victim of slander, libel, conspiracy, defamation of character, and additional financial abuse by Defendants.

Plaintiff appears to bring suit under the United Nation's Universal Declaration of Human Rights (*id.* at 2), the Bill of Rights, and Articles VII and IX[2] of the United States Constitution (*id.* at 1). She seeks $1,111,111.11 in compensatory damages, damages for financial suffering and emotional distress, and "three times the claim in punitive damages." (*Id.* at 2.)

### III. DISCUSSION

#### A. Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Rule 8 notice pleading standard requires Plaintiff to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (internal quotation marks and citation omitted). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual

///

---

[2]There is no Article IX in the United States Constitution.

matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged — but has not shown — that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly,* 550 U.S. at 570. A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562 (*quoting Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989) (emphasis in original)). Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of *pro se* litigants," *Eldridge v. Block,* 832 F.2d 1132, 1137 (9th Cir. 1987), the Court will view Plaintiff's pleadings with the appropriate degree of leniency.

**B.     Factual Deficiencies**

As a preliminary matter, the Court finds no facts in the Complaint other than Plaintiff's statement that she was terminated by her former employer, Rock Springs Massage Envy and that Defendants Nydam II and Pine are the owners of the business. (*See* ECF No. 1 at 1.) All other statements in the Complaint are conclusory legal statements without any facts to support them. As a result, the Court finds that Plaintiff has failed to satisfy Federal Rule of Civil Procedure 8, which requires a short, plain statement

3

of the claim showing entitlement to relief and not an "unadorned the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555)).

Moreover, there are no cognizable legal claims under the United Nations' Universal Declaration of Human Rights or Article VII of the Constitution.[3] The Universal Declaration of Human Rights is a statement of principles and creates no legal obligations judicable by a federal district court. *See Sosa v. Alvarez-Machain,* 542 U.S. 692, 734-735 (2004). Article VII of the Constitution merely identifies how the Constitution is ratified, enabling it to have legal force. *See* U.S. CONST., art. VII ("The Ratification of the Conventions of nine States, shall be sufficient for the Establishment of this Constitution between the States so ratifying the Same.").

The Court has discretion to grant leave to amend and should freely do so "when justice so requires." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (quoting Fed. R. Civ. P. 15(a)). As pleaded, the Complaint does not contain sufficient facts or any cognizable legal theories. However, the Court is unclear on whether amendment would be futile. Accordingly, the Court grants Plaintiff leave to amend the Complaint if she is able to cure the deficiencies identified in this Order.

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of Defendants' Motion.

It is hereby ordered that Defendants' Motion to Dismiss (ECF No. 11) is granted. Plaintiff may file an amended complaint within thirty (30) days of this order to cure the deficiencies of her Complaint. Failure to file an amended complaint within thirty (30) days will result in dismissal of this action with prejudice.

///

---

[3] The Bill of Rights includes ten amendments. The Court is unable to decipher which amendment Plaintiff attempts to assert in the Complaint.

4

The Clerk is directed to strike ECF Nos. 4, 6, 15, 16, 17, 19, 20, 25, 26, 28, 29, 30, 39, 41, 42, 45, 46, and any accompanying exhibits from the record.

DATED THIS 26th day of April 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE