UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HEATHER LEE MEHUDAR, | Case No. 2:16-cv-02196-MMD-GWF |
| Plaintiff, | ORDER |
| v. | |
| DAVID NYDAM II, a man; DOREEN PINE, a woman; TIFFANY PUGH, a woman; RACHAEL HARRIS, a woman, | |
| Defendants. | |

On April 26, 2017, the Court issued an order dismissing the complaint in its entirety with leave to amend and directed Plaintiff to file an amended complaint within thirty (30) days from the date of entry of that order. (ECF No. 47 at 4.) Plaintiff has not filed an amended complaint or otherwise responded to the Court's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th

1 | Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779
2 | F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply
3 | with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor — public policy favoring disposition of cases on their merits — is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Plaintiff to file an amended complaint expressly stated: "Plaintiff may file an amended complaint within thirty (30) days of this order to cure the deficiencies of her Complaint. Failure to file an amended complaint within thirty (30) days will result in dismissal of this action with prejudice." (ECF No. 47 at 4.) Thus, Plaintiff had adequate warning that dismissal would result from her noncompliance with the Court's order to file an amended complaint.

It is therefore ordered that this action is dismissed with prejudice based on Plaintiff's failure to file an amended complaint in compliance with this Court's April 26, 2017, order.

It is further ordered that the Clerk of Court enter judgment accordingly and close this case.

DATED THIS 9th day of June 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

3